## R. N. BASKIN and S. DeWOLFE, *Respondents, v.* W. S. GODBE *et al.,* *Appellants.*

WHEN SURETY DISCHARGED.—When the payee of a note gives the principal an extension of time for the payment thereof, for a valuable consideration, without the consent of the surety, the latter is thereby discharged from further liability.

PLEADING IN ANSWER.—An allegation in the answer "that Defendant is informed and believes that the time of payment of said note was extended," &c., is not a sufficient allegation of the fact of extension.

NOTE EVIDENCE OF PRINCIPAL ONLY.—A promissory note is evidence of the principal amount only, and the interest thereon must be proven at the time of judgment.

JUDGMENT ON A NOTE HOW TAKEN.—Judgment on a promissory note must be entered for the aggregate amount of principal and interest due at the time of rendition of the judgment, otherwise the same will be invalid.

APPEAL from the District Court of the Third Judicial District.

The facts are stated in the opinion of the Court

*Marshall & Carter* for Appellants.

*Baskin & De Wolfe* for Respondents.

HOGE, Justice, delivered the opinion of the Court.

This was a suit on a promissory note against Howard Livingstone, Josiah Riley and W. S. Godbe, for $2,500 with interest after maturity, at the rate of five per cent. per month, payable to John W. Kerr & Co., and by them assigned to the Respondents.

W. S. Godbe, the only Defendant below who was served with process, filed his separate answer, setting up as a defense to the action that he was surety on said note, and that John W. Kerr & Co., were so informed at the time of receiving the same, and accepted it with all·

its legal consequences. He further says that after the maturity of said note, John W. Kerr, one of the payees of the same, extended the time of payment to Howard Livingstone, who was the principal, for a fixed period and for a consideration to the said Kerr, paid by him and alleging the extension of time given to be without the consent of the Appellant.

To this answer a general demurrer was filed by Respondents, alleging that the answer does not disclose a sufficient cause of defence. The demurrer was sustained by the Court below, and the following judgment was entered for the Plaintiffs:

"Whereupon it was ordered and adjudged by the Court that the said Plaintiffs have and recover of and from the said Defendant the sum of $2,500, with interest thereon, at the rate of five per cent. per month till paid, from April 13th, 1866, together with costs of suit, taxed at $15, and that execution issue therefor."

From this judgment Godbe appeals, and assigns as error the ruling of the Court below in sustaining the demurrer.

It is a well known rule of law that a demurrer confesses all the matters that are well pleaded. The allegation that he was only surety being sufficiently certain, the demurrer confesses that fact.

If the averment of extension of time to the principal in the note be sufficiently alleged, there can be no doubt that it would be a good defence to an action if pleaded by a surety.

Where time has been given to the principal in a note for a fixed period, and a good or valuable consideration without the consent of the surety, by every known principle of law, he would be discharged. Bangs *v*. Strong, 7 Hill 250. Chapman *v*. McGraw, 20 Ills. 103.

The doctrine seems to be well settled that the extension of time and the giving of a further day of payment by the creditor, by a binding and valid agreement with the assent of the principal debtor, and without the assent

of the surety, discharges the latter from liability on the contract.   Davis *v.* The People, 2 Gill 638.   Warner *v.* Crain, 20 Ills. 151.   Montigue *v.* Mitchell, 28 Ills. 485.

The only question remains, is the allegation of the extension of time sufficiently pleaded and certain?   It is claimed that under our statute, Section 7, of the Judiciary Act, abolishes all technical forms of actions and pleadings. Section 8 of the same act requires every pleading to disclose a substantial cause of action or defense, and if it does not it is therefor demurrable.

There is in the opinion of the Court no sufficient allegation in the answer that the time of payment of the note sued on was extended to Howard Livingstone, who was the principal.

The answer is as follows: "For a further answer he says he is informed and believes that the time of payment of said note was extended, &c."   This is not such an averment as could be traversed by the Plaintiffs, there being nothing in this allegation upon which they could take issue.   The Appellant might have been so informde and believed it to be true, that the time of payment had been extended.

The answer is defective in the above particulars, it being necessary that the extension of time of payment should be positively averred in the answer.

The Court below did not err in sustaining the demurrer, and if there was a valid judgment in this case we would affirm the same.   A judgment to be valid must be for a fixed and definite amount.   The record shows that the interest on the note was not computed from the time of its maturity on the 13th day of April, 1866, to the date of rendering the judgment, leaving it open in this particular for some other party to make such computation and collect whatever such person might say that amount was.

In the absence of any statute on the subject the note is only evidence of the amount of principal due.   The interest due at the time of rendition of the judgment should be proven by other testimony, unless the parties

agree to the amount, and then judgment should be for the aggregate amount of principal and interest due to that date. The note by operation of law becomes merged in the judgment, and the contract of the parties is then at an end, and a Court has no power to extend the contract beyond the judgment. Without hearing the testimony the Court could not render such judgment as the Court below should have rendered, as under the statute, Sec. 8, page 67, it might have done.

Cause remanded to the District Court, with privilege to the parties to amend their pleadings on payment of the costs of this Court by Appellant.